23 F.3d 408
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Jimmie Lee RILEY, Plaintiff-Appellant,
v.
Aaron APPLING, Defendant-Appellee.
 No. 93-2463.
 United States Court of Appeals, Sixth Circuit.
 April 27, 1994.
 
 Before: MERRITT, Chief Judge; KENNEDY and NELSON, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Jimmie Lee Riley appeals a grant of summary judgment for the defendant in this case, a civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Riley, a Michigan prison inmate, alleged in his complaint that the defendant, an employee of the Michigan Department of Corrections, retaliated against him for availing himself of his right to use the prison grievance system. Riley said that he had successfully pursued a prison grievance involving the defendant's handling of the prisoners' election of a "block representative." In retaliation, Riley claimed, the defendant searched his cell, confiscated legal documents, and told other prisoners that he was a "snitch." Suing the defendant in his individual and official capacities, Riley sought declaratory and injunctive relief and compensatory and punitive damages.
 
 
 3
 The defendant moved the district court for summary judgment. A magistrate judge recommended that the motion be granted. The district court adopted the recommendation, granted summary judgment for the defendant, and certified that an appeal could be taken in good faith.
 
 
 4
 A grant of summary judgment will be reviewed de novo on appeal. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Generally, summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988) (quoting Fed.R.Civ.P. 56(c)). Only facts that may have an effect on the outcome are "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To be "genuine," a dispute must involve evidence upon which a jury could find for the nonmoving party. Id. The burden is upon the moving party to show that "there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).
 
 
 5
 Upon consideration, we conclude that the summary judgment was appropriate for the reasons stated in the magistrate judge's report and recommendation filed May 5, 1993, as adopted by the district court in its order filed October 28, 1993. Essentially, the plaintiff failed to show the existence of a genuine issue of material fact with respect to either the alleged denial of his right to access to the courts, see Childs v. Pellegrin, 822 F.2d 1382, 1385 (6th Cir.1987); Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985), or the alleged retaliation for resort to the prison grievance system. See Cale v. Johnson, 861 F.2d 943, 949-50 (6th Cir.1988).
 
 
 6
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.